UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERYKA ANN JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br><br>        Defendant. | Case No. 19-cv-06454-VC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 19, 23 |

      Jeryka Johnson contends that the ALJ improperly discounted the opinions of two of her treating physicians that, if accepted, would prove that Johnson is disabled and thus entitled to Supplemental Security Income and Child Disability Benefits. Johnson is correct at least as to Dr. Laxer, the only doctor who need be considered for purposes of these cross-motions for summary judgment.

      Treating physicians occupy the top rung in the hierarchy of expert opinion in social security cases. After all, the treating physician gains insight into the claimant's medical limitations not from the vantage point of an expert assessing a claim for benefits, but as a doctor caring for a patient. Thus, even when not accorded "controlling weight" under the applicable regulation, 20 C.F.R. § 404.1527(c)(c), a treating physician's opinion is "entitled to the greatest weight." *Orn v. Astrue*, 496 F.3d 625, 633 (9th Cir. 2007). A district court, of course, may enforce that mandate only when the ALJ's factual findings flunk the deferential substantial-evidence standard. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). But under Ninth Circuit precedent, the opinion of a treating physician, if inconsistent with another

doctor's opinion, may be rejected only for "specific and legitimate reasons" supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ purported to give partial weight to the opinion of Dr. Laxer, but rejected Dr. Laxer's conclusion that Johnson has an average of five seizures per week and typically needs to rest the entire day after a seizure. AR 1772–73. The ALJ discounted this opinion because "most of the claimant's seizures were self-reported, rather than medically documented, and progress notes suggest that the claimant's seizures are small and frequently occur during sleep." AR 1946–47. Because the seizures occur at night, the ALJ reasoned, the "seizure activity would not interfere with work." AR 1947. Finally, the ALJ downgraded Dr. Laxer's opinion on the ground that Johnson's "large, grand mal seizures rarely occur when [she] is compliant with medication." AR 1947.

These reasons fall far short of specific and legitimate. First off, the ALJ did not consider the appropriate factors when determining the weight to be accorded Dr. Laxer's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)–(6)). Nor does the record support the finding that Johnson's seizures are confined to the night at a time that won't impact the workday. The portion of the record cited by the ALJ states that Johnson often learns of her seizures only when another person witnesses the seizure, which was more common at night given her living situation. AR 1672. As to the ALJ's observation that most of Johnson's seizures are "self-reported" rather than "medically documented," it is true that Johnson's seizures typically don't (but sometimes do) take place in a hospital waiting room or when monitored by an EEG machine. AR 1266, 1782. But what does that prove? Most people with disabilities don't spend their lives under nonstop observation by a medical professional with a clipboard in hand, ready to tally up that day's bout of seizures. The closest the ALJ came to a specific reason is her comment that grand mal seizures are less common when Johnson complies with her medication, but an ALJ may not legitimately "reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. In any event, the fact that the rate of seizures varied as the drugs' effectiveness and side effects varied is

2

"evidence of the limitations" of Johnson's treatment, not evidence of her "noncompliance with prescribed treatment." *Farley v. Colvin*, 231 F. Supp. 3d 335, 338 n.2 (N.D. Cal. 2017). Indeed, Dr. Laxer found that Johnson's seizures are "clearly medically refractory"—that is, resistant to control by medication—yet the ALJ either overlooked or silently (and improperly) rejected this diagnosis. AR 1782.

Johnson requests a remand for an award of benefits. Although the standard course is to remand for further administrative proceedings, this is one of those rare cases that meets the credit-as-true standard because (i) further proceedings "would serve no useful purpose," especially after years of factual development; (ii) the ALJ "failed to provide legally sufficient reasons for rejecting" Dr. Laxer's opinion; and (iii) Dr. Laxer's opinion, if credited, establishes that Johnson experiences seizures with a frequency that meets listing 11.02. *Garrison*, 759 F.3d at 1020; *see* 20 C.F.R. § 416.920(a)(4)(iii).

Accordingly, Johnson's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. The decision of the ALJ is reversed, and the case is remanded for a calculation of benefits.

**IT IS SO ORDERED.**

Dated: June 12, 2020

_____
VINCE CHHABRIA
United States District Judge